UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DENISE N. NEATH | * | |
|     Plaintiff | * | |
|     v. | * | Civil Case No. 8:21-cv-1580-AAQ |
| LLOYD AUSTIN, III, *et al.* | * | |
|     Defendants | * | |

## MEMORANDUM OPINION

This is a case concerning allegations of employment discrimination on the basis of race. Plaintiff Denise N. Neath, who is proceeding *pro se*, alleges that the Department of Defense, and multiple sub-agencies and individuals employed by such, discriminated against her on the basis of her race. I enter this order to allow both parties equal opportunity to present briefing on Defendants' pending Motion to Dismiss, or in the Alternative, for Summary Judgment. ECF No. 14. As discussed below, any further briefing shall be limited exclusively to whether Plaintiff's claim that she received a salary less than a similarly situated white colleague violated Title VII of the Civil Rights Act should either be dismissed or be the basis for a grant of summary judgment in Defendants' favor.

## BACKGROUND

The record in this case complicated by the fact that there is some dispute over the operative Complaint for the purpose of Defendants' pending motion. On June 25, 2021, Plaintiff filed this case alleging that Defendants had discriminated against her in her employment on the basis of race. ECF No. 1. As Ms. Neath is proceeding *pro se*, at the time, she did not have electronic filing privileges. *See* ECF No. 11 (requesting electronic filing privileges on January 14, 2022). After

1

Ms. Neath submitted the Complaint to the Court, while it was being scanned, a clerical error resulted in the omission of what was numbered as Page 3 from the electronic version of the document. Accordingly, although including the Certificate of Service, the Complaint was numbered as having seven pages, the electronic version included only six pages. ECF No. 1-1. On August 10, 2021, the Court entered an Order directing the Clerk's Office to issue a summons which Plaintiff was required to serve on Defendant Lloyd Austin with the operative Complaint in the case. ECF No. 3. On the same day, the Court issued the summons. ECF No. 4. The United States Attorney's Office received service of the incomplete Complaint on either August 17, 2021 or August 19, 2021. *See* ECF No. 5, at 1; ECF No. 17, at 5.

On September 2, 2021, Court staff, having discovered the scanning error, electronically filed a corrected version of the original Complaint, including the page that had been previously inadvertently excluded. ECF No. 4-1. The corrected Complaint was identical in substance to the first Complaint, but included the third page omitted from the initial filed Complaint. *Id*. at 3. Paragraph 12, on Page 3, stated: "Since mid-June 2018 to present, Plaintiff's White . . . co-worker Vicki Miskovsky received salary at a higher rate of pay than Plaintiff for performing the same duties in the capacity of Research Protocol Specialist, GS-0601-12." *Id*. On October 15, 2021, Defendants moved for an extension of time to respond to Plaintiff's Complaint. ECF No. 5.

On February 18, 2022, Defendants moved to dismiss Plaintiff's Complaint in its entirety, or alternatively, for summary judgment on all claims asserted therein. ECF No. 14. Defendants, in their filing, relied on the version of the Complaint with which they had been served and not the corrected version that had been electronically filed on September 2, 2021. ECF No. 17, at 5. As a result, the Memorandum in Support of the Motion to Dismiss failed to include specific arguments addressing Paragraph 12 of Plaintiffs' Complaint. In its Opposition, Plaintiff argued that because

Defendants had failed to specifically address this paragraph, any argument concerning it was waived. ECF No. 16, at 3. Defendants, in their Reply, argued, among other things, that it would be inequitable to penalize the Defendants for failing to respond to a paragraph which they did not receive notice of. ECF No. 17, at 6. Defendants then continued to raise several substantive arguments regarding why any claim arising out of Paragraph 12 should also be dismissed or be the basis for a grant of summary judgment in Defendants' favor. ECF No. 17, at 6-7. Because these arguments were made for the first time in Defendants' Reply, Plaintiff has had no opportunity to address them.[1]

## DISCUSSION

Courts have broad discretion relating to matters of scheduling and case management. *See U.S. v. Allen*, 491 F.3d 178, 192 (4th Cir. 2007) (noting that "district courts possess wide discretion with regard to case management"). To avoid a situation in which either party would be foreclosed from the opportunity to raise and address arguments directly relevant to the claims at the center of this case, and acknowledging the situation is, in part, the product of an error for which neither party is responsible, I hereby order that the parties have the opportunity to provide additional briefing regarding any claims Plaintiff may have arising out of Paragraph 12 of the Complaint, as correctly filed on September 2, 2022.

- On or before May 24, 2022, Plaintiff may file a supplementary brief addressing Defendants' arguments in its Reply in Support of its Motion to Dismiss, or Alternatively for Summary Judgment, addressing Paragraph 12 of Plaintiffs' Complaint and any claims arising out of that paragraph.

---

[1] On April 29, 2022, I became the presiding judge regarding this matter.

3

- On or before June 3, 2022, Defendants may file any response, addressing only those arguments Plaintiff makes regarding Paragraph 12 and any claims arising out of it in its May 24, 2022 filing.

This additional opportunity ensures that, at once, Plaintiff is not penalized by being denied the opportunity to address the arguments that Defendants asserted in their Reply and Defendants are not penalized for not addressing Paragraph 12 in their initial Memorandum in Support of their Motion to Dismiss or Alternatively for Summary Judgment. This decision is consistent with what other courts have done in similar situations in which a party has not had the opportunity to respond to an argument or further briefing would be in the interests of justice and judicial economy. *Madsen v. Toor*, No. 1:19-cv-0022-AWI-JLT, 2021 WL 1839612, at *5 (E.D. Cal. May 7, 2021) (recounting the court's decision to allow additional briefing on a potential unexplored argument that a party had not fully addressed); *General Council of the Assemblies of God v. Fraternidad Internacional Asambleas De Dios Autonomas Hispanas, Inc.*, 14-1700, 2015 WL 13548635, at *4 (D. Puerto Rico Sep. 30, 2015) ("[A]fter carefully reflecting on every potential course of action available, the Court has decided that, in the best interests of the parties, justice would best be served to require additional briefing on several matters of particular concern."); *Rabil v. Town of Smithfield*, No. 5:11–CV–616–BR, 2012 WL 2133521, at *3 (E.D.N.C. June 12, 2012) (asking the parties for additional briefing regarding an argument a defendant raised for the first time in its reply in support of its motion to dismiss); *Walker v. Dovetails, Inc.*, No. 3:09cv735, 2010 WL 11700711, at *4 (E.D. Va. July 23, 2010) (allowing additional briefing where it is in the interests of justice and judicial economy).

**CONCLUSION**

For the reasons stated, the parties shall be provided an additional opportunity for briefing related solely to Paragraph 12 of the Complaint, pursuant to the timelines provided above.

So ordered.

Date:   May 10, 2022

                                                                                   _____/s/_____
                                                                                    Ajmel A. Quereshi
                                                                                    U.S. Magistrate Judge